# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEROME L. GRIMES,

      Plaintiff,

v.                        Case No: 6:19-cv-1831-Orl-41LRH

KIRKMAN CHIROPRACTIC, MELANIE LNU, Y. WILSON TALOS and CHERRIE LNU,

      Defendants.

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (LONG FORM) (Doc. No. 2)
>
> **FILED:** September 23, 2019
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

I.    **BACKGROUND.**

    On September 23, 2019, Plaintiff Jerome L. Grimes, appearing *pro se*, filed a complaint against Defendants Kirkman Chiropractic, Melanie LNU, Y. Wilson Talos, and Cherrie LNU. Doc. No. 1. Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which has been construed as a motion to proceed *in forma pauperis*. Doc. No. 2. The motion to proceed *in forma pauperis* was referred to the undersigned.

Plaintiff is no stranger to this Court. It appears that he has filed over twenty cases, some while he was incarcerated, and some thereafter, raising various complaints.[1] He is also a well-known filer in other courts throughout the United States. *See, e.g.*, *Grimes v. Public Defender's Office*, No. 6:16-cv-118-Orl-37GJK, Doc. No. 2, at 2 (M.D. Fla. Feb. 3, 2016) (and cases cited therein). Accordingly, while it does not appear that Plaintiff is currently incarcerated, "the undersigned takes judicial notice of the fact that Plaintiff is a vexatious litigator." *Grimes v. Edward Kelly, Jr.*, No. 6:16-cv-268-Orl-18GJK, Doc. No. 5 (M.D. Fla. April 12, 2016).

In the instant complaint, Plaintiff purports to bring a claim against the above-named Defendants for violations of 42 U.S.C. § 1983. Doc. No. 1, at 3. His alleged rights violated include that:

> These Chiropractors and Assistants Under Their Authorization had a Conflict of Interest and Direct Association to the State Actor(s) that Brutalized the plaintiff's person on the HEREIN, Federal Law Cause of Action of, August 17, 2019, extension of that violence, but this time on, September 10, 2019, Ricin Poison is suspected of being used against the plaintiff and discovered through In Pro Se Independent Investigation, which elevates this complaint to the Federal Jurisdiction Level of Medical.

*Id.* Plaintiff's factual allegations include that after a "Police/Sheriff Brutality Incident" on August 17, 2019, he received chiropractic treatment/electromagnetic shock back therapy, during which the technician ("Melanie (DOE)") poured "dirty bomb ricin" on the back of Plaintiff's neck. *Id.* at 4. Plaintiff claims that upon independent investigation, he determined that Y. Wilson Talos was the

---

[1] The following cases were filed by Plaintiff while incarcerated: No. 6:15-cv-1938-Orl-40GJK; No. 6:15-cv-1955-Orl-37GJK; No. 6:15-cv-2072-Orl-40GJK; No. 6:15-cv-2073-Orl-40DAB; No. 6:15-cv-2193-Orl-41TBS; No. 6:16-cv-117-Orl-22DAB; No. 6:16-cv-118-Orl-37GJK; No. 6:16-cv-155-Orl-37GJK; No: 17-cv-884-Orl-40TBS; No. 6:17-cv-973-Orl-37GJK; No. 6:17-cv-974-Orl-37DCI; No. 6:17-cv-1004-Orl-40TBS; No. 6:17-cv-1005-Orl-40TBS; No. 6:17-cv-1006-Orl-18KRS. Plaintiff also filed civil complaints in the following cases: No. 6:16-cv-376-Orl-41GJK; No: 16-cv-268-Orl-18GJK; No. 6:16-cv-1422-Orl-41TBS; No. 6:16-cv-1480-Orl-18TBS; No. 6:19-cv-1026-Orl-41TBS; No. 16-cv-377-Orl-40DAB; No. 6:16-cv-308-Orl-37DAB. In addition to the above-styled case, currently pending before the Court are additional complaints filed by Plaintiff in No. 6:19-cv-1667-Orl-78DCI; No. 6:19-cv-1673-78LRH; No. 6:19-cv-1811-40EJK.

"Fence of the Dirty Bomb Ricin Attack," but Y. Wilson Talos refused to provide Plaintiff the last name of the technician, Melanie. *Id.* He claims that "Cherrie" was "deliberately indifferent and tried to give immunity from prosecution for Dirty Bomb Ricin, and was insistent and alarmed of being caught for something so covert, which was fearful to those perpetrators in the commission of Post-09/11/01 covert violence of chemical warfare against civilian plaintiff, and in violation of the 1949 Geneva convention . . . ." *Id.* He claims he suffered blurred vision until he took a laxative, that he had a nagging cough, and that there was excessive blood from a damaged tooth. *Id.* at 5. He asks the Court to schedule alternative dispute resolution, to revoke Defendants' chiropractic license(s), and to award $110,000.00 in damages for the "chemical warfare burn to the back of the plaintiff's neck." *Id.* He includes with the complaint a copy of a treatment note from Kirkman Chiropractic on September 10, 2019. *Id.* at 7.

## II.   STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. § 1915(e)(2)(B)(i-iii).[2] A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To avoid dismissal for failure to state a claim upon which

---

[2] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. ANALYSIS.

Upon review of Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2), it appears that Plaintiff would qualify as a pauper pursuant to § 1915(a)(1). However, based on a review of Plaintiff's complaint (Doc. No. 1), Plaintiff has not stated a claim upon which relief may be granted and his allegations are frivolous. Accordingly, I recommend that the Court deny the motion to proceed *in forma pauperis* and decline to permit Plaintiff to file an amended complaint.

> The Federal Rules of Civil Procedure mandate that a pleading contain the following:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). The allegations must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).

Even construed liberally, Plaintiff's complaint does not comply with the pleading requirements of Rule 8. Plaintiff's conclusory, random, and disjointed assertions do not demonstrate how the factual allegations of the complaint establish a violation of his constitutional rights, or how those factual allegations relate to the named Defendants. Nor has Plaintiff identified any state or local officials that have violated his rights as required to properly assert a claim under 42 U.S.C. § 1983. Moreover, the undersigned has determined that the allegations of Plaintiff's complaint are frivolous because they lack "an arguable basis either in law or in fact." *See Neitzke*, 490 U.S. at 325.

Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, *pro se* litigants must still meet the minimal pleading standards. *See Eidson v. Arenas*, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted). The Court can consider a plaintiff's history of bringing unmeritorious litigation in deciding whether to dismiss a questionable claim. *See, e.g.*, *Miller v. Donald*, 541 F.3d 1091, 1101 (11th Cir. 2008) (citations omitted) ("[T]he court can consider [the plaintiff's history of meritless litigation] in deciding to dismiss a questionable claim."). Due to Plaintiff's status as a frequent filer, and because "the Court has already travelled this road with Plaintiff" on several prior occasions, *see Grimes v. M.R. Bonner et al.*, No. 6:19-cv-1026-41TBS, Doc. No. 3 (M.D. Fla. June 5, 2019), I recommend that the Court decline to permit Plaintiff to file an amended complaint.

## IV. RECOMMENDATION.

For the reasons stated above, **I RESPECTFULLY RECOMMEND** that the Court:

1. **DENY** the motion to proceed *in forma pauperis* (Doc. No. 2);
2. **DISMISS** the complaint (Doc. No. 1); and

3.  **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 27, 2019.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy